No. 860

SCHULTZ v. HARVEY et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5751.    Decided May 18, 1925

Judges Pardee, Washburn and Funk, 9th Dist., sitting.

923. PLEADINGS—The setting forth in a petition that because of failure of company to turn over money on mortgage, which had been recorded; that it constituted an incumbrance which prevented further financing, though not stating a cause of action is a surplusage of words and may be treated as allegations of special damages.

PER CURIAM.

August Schultz brought an action against Albert Harvey in the Cuyahoga Common Pleas alleging that the Middle States Discount Co. engaged in the business of making loans on commercial paper; that in November 1921, it agreed to make a loan upon his property for $7500. It was alleged that Schultz executed a note and mortgage in that sum, said mortgage being recorded by Harvey to whom it ran and it was transferred to the Discount Co. a few days later.

It was averred that the company never turned over the money on said mortgage and by reason of said fact, said mortgage became an incumbrance on the property, preventing other refinancing. Foreclosure proceedings were instituted whereby Schultz lost his equity of $11,000, in the property. Judgment was prayed for in this amount with interest at 6% and for costs.

A general demurrer to the petition was sustained and judgment entered for Harvey. Error was prosecuted and the Court of Appeals held:

1. Harvey by his demurrer admitted the foregoing allegations to be true.

2. Giving Schultz's petition the liberal construction required by the Code, it states a good

cause of action based upon a contract and a breach thereof; and the fact that it was also alleged that the mortgage upon the property prevented further refinancing, does not detract from or militate against the cause of action.

3. If the cause of action was based solely upon this latter part of the petition a cause of action would not have been stated.

4. These words are a mere surplusage, or may be treated as allegations of special damages.

Judgment reversed and cause remanded.

Attorneys—Turney & Sipe for Schultz; J. B. Keenan for Harvey et; all of Cleveland.